OPINION OF THE COURT
Per Curiam.
By decision and order on motion of this Court dated September 17, 2015 (2015 NY Slip Op 84986[U]), the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 691.4 (1) (1) (i), (ii) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the lawful demands of the Grievance Committee for the Ninth Judicial District, his substantial admissions under oath, and other uncontroverted evidence of professional misconduct. Further, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, based upon a verified petition dated May 7, 2015. That petition contains 23 charges alleging, among other things, that the respondent engaged in conduct involving: dishonesty, deceit, fraud, or misrepresentation; multiple conflicts of interests; improper use of his escrow account for personal purposes to avoid judgment creditors; and a failure to cooperate with the petitioner in the investigation of multiple complaints of professional misconduct.
The respondent was directed to serve and file an answer to the verified petition dated May 7, 2015 within 20 days after service upon him of the decision and order on motion dated September 17, 2015, and the issues raised by the verified petition, and any answer thereto, were referred to the Honorable Stewart A. Rosenwasser, as Special Referee, to hear and report.
On September 24, 2015, the respondent was served with this Court’s decision and order on motion dated September 17, 2015 by means of substituted service, as previously authorized by this Court, and an affidavit of service was duly filed on October 2, 2015.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as this Court deems appropriate, based upon his default. Although the motion papers were served upon the respondent on December 16, 2015 by means of substituted service, as previously authorized by this Court, he has neither opposed the instant motion nor interposed any response thereto.
*7 Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition dated May 7, 2015 are deemed established and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, P.J., Mastro, Rivera, Dillon and Leventhal, JJ., concur.
Ordered that the Grievance Committee’s motion is granted; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Henry D. Becker, admitted as Henry Dana Becker, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Henry D. Becker, admitted as Henry Dana Becker, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Henry D. Becker, admitted as Henry Dana Becker, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Henry D. Becker, admitted as Henry Dana Becker, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).